UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NIALL LEDWIDGE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No.  5:24-cv-08352-BLF<br><br>**ORDER GRANTING DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION'S MOTION TO EXTEND DEADLINES UNDER CIVIL LOCAL RULE 16-5**<br><br>[Re:  Dkt. No. 27] |

Defendant Federal Deposit Insurance Company ("FDIC") moves the Court for an order extending the deadlines set out in Civil Local Rule 16-5 for FDIC to file its answer to the complaint and a certified index of the administrative record. Dkt. No. 27 ("Mot."). Plaintiffs did not file a response to the motion.

For the following reasons, the Court GRANTS Defendant's motion.

**I.　LEGAL STANDARD**

Under Civil Local Rule 16-5, "[i]n actions for District Court review on an administrative record . . . the defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint." Civ. L.R. 16-5. "Within 28 days of receipt of defendant's answer, plaintiff must file a motion for summary judgment pursuant to Civil L.R. 7-2 and Fed. R. Civ. P. 56." *Id.*

Under Civil Local Rule 6-1, a party may seek "enlargement or shortening of time that alters an event or deadline . . . that involves papers required to be filed or lodged with the Court" by "motion pursuant to Civil L.R. 6-3." Civ. L.R. 6-1(b). A party opposing such motion "must file an opposition . . . no later than 4 days after receiving the motion." *Id.* 6-3(b). Pursuant to

1    Federal Rule of Civil Procedure 6(b), a party must demonstrate "good cause" in order to secure an
2    extension of time for an act that "must be done within a specified time." Fed. R. Civ. P. 6(b)(1).
3    "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and
4    statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).
5    "[R]equests for extensions of time made before the applicable deadline has passed should
6    'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or
7    prejudice to the adverse party.'" *Id.* (citing 4B Wright & Miller, *Federal Practice and Procedure*
8    § 1165 (3d ed. 2004)).

## II.  DISCUSSION

First, FDIC argues that its recently filed motion to dismiss, Dkt. No. 26, automatically extends its time to answer until after the motion to dismiss is resolved. Mot. at 3 (citing Fed. R. Civ. P. 12(a)(4)). Since "Civil Local Rule 16-5 contemplates a simultaneous filing procedure under which the FDIC would file its answer 'together' with a certified index of the administrative record," FDIC further argues that the automatic extension of the deadline to answer should likewise extend the deadline to file the certified index of the administrative record. *Id.* Second, FDIC argues that there is good cause to extend the deadlines set by Civil Local Rule 16-5, because leaving the deadlines currently set would result in FDIC "wasting resources on duplicative or unnecessary pleadings and other briefing." Mot. at 4. FDIC states that it would be unduly burdensome to prepare the certified index of the administrative deadline by the current deadline—March 17, 2025—because it would require a "thorough privilege and confidentiality review," including "multiple levels of internal agency review." *Id.* Meanwhile, FDIC argues, Plaintiffs will not suffer any prejudice from the extension, because "[i]n the event that Defendants' motion to dismiss is denied, Plaintiffs will receive the FDIC's answer and certified index," and a brief delay in receipt of those materials alone is not enough to establish prejudice. *Id.*

The Court finds that there is good cause to extend the deadlines in Civil Local Rule 16-5. As FDIC points out, because that rule applies only to one of Plaintiffs' six causes of action, requiring FDIC to proceed in preparing the answer and the certified index will not serve to accelerate resolution of this case. *See* Mot. at 5. It would therefore be an inefficient use of

judicial and party resources to require the FDIC to file the partial answer and address a motion for summary judgment before the Court has the opportunity to decide the recently filed motion to dismiss. This conclusion is bolstered by the fact that most district courts have found that the filing of a motion to dismiss extends the time for a defendant to respond to the entire complaint. *See Batdorf v. Trans Union*, No. 00-cv-0501, 2000 WL 635455, at *5 (N.D. Cal. May 8, 2000) ("The filing of a motion to dismiss the other causes of action enlarged the time for [the defendant] to respond to the entire complaint."); 5B Wright & Miller, *Federal Practice and Procedure* § 1346 (4th ed. 2024) ("Service of a motion permitted by Rule 12 also may enlarge the applicable period of time for serving an answer or other responsive pleading, as is now prescribed by Rule 12(a)(4)."). Finally, the Court notes the Declaration of Jennifer M. Jones that FDIC submitted in support of its motion, Dkt. No. 27-1, and agrees based on Ms. Jones's attestation that there would be a significant burden imposed on FDIC were these deadlines not extended. Declaration of Jennifer M. Jones ("Jones Decl.") ¶¶ 4–6. Meanwhile, the Court is hard-pressed to find any prejudice to Plaintiffs, particularly in light of their failure to respond to this motion. Accordingly, the Court will extend FDIC's deadlines under Civil Local Rule 16-5 to 60 days after the Court issues its order on the motion to dismiss.

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Federal Deposit Insurance Corporation's Motion to Extend Deadlines Under Civil Local Rule 16-5 (Dkt. No. 27) is GRANTED. The deadline by which FDIC is to file an answer to the complaint and a certified copy of the administrative record is EXTENDED until 60 days after the Court rules on Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 19, 2025

_____
BETH LABSON FREEMAN
United States District Judge