UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NIALL LEDWIDGE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,<br><br>    Defendants. | Case No.  5:24-cv-08352-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY**<br><br>[Re: Dkt. No. 25] |

Before the Court is Defendants Federal Deposit Insurance Corporation and Martin J. Gruenberg's (collectively, "Defendants") motion to stay discovery pending the resolution of their motion to dismiss.  Dkt. No. 25 ("Mot.").  Plaintiffs Niall Ledwidge, Michael Pearson, and Andrew Childe (collectively, "Plaintiffs") oppose the motion.  Dkt. No. 32 ("Opp.").  Defendants filed a reply in support of their motion.  Dkt. No. 33 ("Reply").  The Court finds this motion suitable for disposition without oral argument and VACATES the hearing set for May 22, 2025.  Civ. L.R. 7-1(b).

For the reasons stated below, the Court GRANTS Defendants' motion.

I.   **BACKGROUND**

Plaintiffs filed this action on November 22, 2024, asserting five causes of action against the Federal Deposit Insurance Corporation ("FDIC") and one cause of action against Martin J. Gruenberg ("Mr. Gruenberg").  Dkt. No. 1 ("Compl.").  The case arises out of allegations that Defendants "unlawfully defied the directive of and promise by the Secretary of the Treasury that FDIC-C cover 'all depositors' of Silicon Valley Bank, Santa Clara . . . which inherently includes foreign depositors."  *Id.* ¶ 2.  FDIC was served on December 16, 2024, and Mr. Gruenberg was served on December 19, 2024.  Dkt. No. 13.

Plaintiffs assert that they are "the duly appointed joint official liquidators . . . of Silicon Valley Bank . . . under the supervision of the Grand Court of the Cayman Islands, Financial Services Division." Compl. at 1. Accordingly, they state that they are "duly authorized and empowered by the Cayman Court to investigate the affairs" of Silicon Valley Bank's ("SVB") Cayman Estate, as well as to "act as the duly authorized representatives" of that estate—including for purposes of asserting claims "not only on behalf of the SVB Cayman Estate," but also "on behalf of SVB Cayman's creditors." *Id.* ¶ 6. Plaintiffs identify three other cases proceeding in United States courts that they have initiated on behalf of the SVB Cayman Estate and its depositors (the "Cayman accountholders"). *Id.* ¶ 8.

## II.   LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). However, a district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants."). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*, 133 F.R.D. at 40 (citation omitted).

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Singh v. Google, Inc.*, No.

2

16-cv-03734, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016); *Gibbs v. Carson*, No. 13-cv-0860, 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. 11-cv-0227, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351–52 (N.D. Cal. 2003). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pac. Lumber Co.*, 220 F.R.D. at 352 (citation omitted). "Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Id.* (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602. Although not one of the two factors, courts in this circuit sometimes also consider whether a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential "waste of resources." *Fields v. Roberts*, No. 06-cv-00407, 2013 WL 5230034, at *1 (E.D. Cal. Sept. 16, 2013).

### III. DISCUSSION

#### A. Potentially Dispositive of Case

Defendants have moved to dismiss all of the causes of action in Plaintiffs' Complaint. Based on that pending motion, Defendants argue that there are "strong jurisdictional and other arguments for dismissal that support a stay of discovery," Mot. at 2, including (1) that Plaintiffs lack Article III or prudential standing to bring claims on behalf of either SVB or the Cayman accountholders, (2) that Plaintiffs' claims for declaratory judgment, violation of due process, and Administrative Procedure Act review of agency action must all fail based on the express statutory prohibition on "treating foreign-payable accounts like the Cayman accounts as 'deposits' entitled to FDIC insurance," (3) that Plaintiffs' claim for estoppel must be dismissed because Plaintiffs cannot allege misconduct, false statements, or misrepresentations by FDIC, (4) that Plaintiffs' claim for unjust enrichment must be dismissed because FDIC "does not possess or have any legal

3

1  interest in" the funds and credits associated with the Cayman accounts, and (5) that Plaintiffs' *Bivens* claim against Mr. Gruenberg must be dismissed because it is "different in every meaningful way[] from the lone three cases where the Supreme Court has recognized such actions," and because Mr. Gruenberg "intends to raise a qualified immunity defense." Mot. at 2–5.

In response, Plaintiffs argue that because "Plaintiffs have not yet briefed their opposition to the Motion to Dismiss . . . the Court is limited in its ability to assess the merits" of that motion. Opp. at 3. Moreover, Plaintiffs argue that "there is a reasonable dispute as to the merits of the Motion to Dismiss, and Defendants have not shown that the Motion to Dismiss will be granted without leave to amend." *Id.* Plaintiffs then proceed to preview their arguments in opposition to Defendants' motion to dismiss, including (1) that "it is well settled under U.S. law that the standing of a foreign representative of an insolvency estate to assert claims on behalf of that estate's creditors rests upon the 'rights and powers given to it' under the applicable foreign law," and that Plaintiffs have standing under Cayman law; (2) that "the application of the [systemic risk exception ("SRE")] in this case is novel and has no directly analogous precedent," meaning that there will be "highly particularized factual and legal determinations that would benefit from discovery" required in order to resolve the implications of invocation of the SRE; and (3) that Defendants have not established that dismissal would be without leave to amend. Opp. at 4–8.

On reply, Defendants emphasize that the motion to dismiss based on Plaintiffs' lack of standing "exclusively raise[s] questions of U.S. law." Reply at 3. In particular, Defendants note that Plaintiffs' authority regarding the standing of a foreign representative of an insolvency estate makes clear that "that principle only applies to *recognized* foreign representatives," whereas here, a United States Bankruptcy Court *denied* recognition of Plaintiffs as foreign representatives. *Id.* at 3–4 (emphasis in original). And contrary to Plaintiffs' arguments that Plaintiffs' claims related to the SRE will require particularized factual and legal determinations, Defendants argue that the issue is a purely legal matter of statutory interpretation. *Id.* at 4. Regarding the *Bivens* claim against Mr. Gruenberg, Defendants reiterate that implying new *Bivens* causes of action is disfavored and that Mr. Gruenberg is likely to prevail on a qualified immunity defense. *Id.* at 5.

4

1  The Court acknowledges that it has not yet had the benefit of receiving Plaintiffs'
2  Opposition to Defendants' Motion to Dismiss, nor will it have that opportunity because the Parties
3  recently stipulated that Plaintiffs may file an Amended Complaint.  *See* Dkt. No. 36.  Thus,
4  Plaintiffs agree that the Complaint is deficient.  Additionally, based on its "preliminary peek" at
5  the merits of Defendants' arguments as they currently stand, the Court finds that subject matter
6  jurisdiction is an issue that may be "potentially dispositive" of the entire case.  *See Tradebay*, 278
7  F.R.D. at 602; *Pac. Lumber Co.*, 220 F.R.D. at 352.
8  While Plaintiffs, of course, vigorously dispute that the Court lacks subject matter
9  jurisdiction, there is no question that Defendants have raised a threshold jurisdictional challenge.
10  Furthermore, the Court infers that the subject matter jurisdiction issue is likely to be raised in
11  response to Plaintiffs' Amended Complaint as well, since that issue pertains to Plaintiffs' Article
12  III standing to bring claims on behalf of the SVB Cayman Estate and Cayman accountholders.
13  Since this threshold issue "could prove difficult for Plaintiffs to overcome," the Court concludes
14  that the first factor of the *Pacific Lumber* test weighs in favor of granting a stay of discovery.  *See*
15  *In re Nexus 6p Prods. Liab. Litig.*, No. 17-cv-02185, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18,
16  2017); *Hewlett Packard Enter. Co. v. Inspur Grp. Co.*, No. 24-cv-02220, 2024 WL 4631665, at *2
17  (N.D. Cal. Oct. 29, 2024) (staying discovery where "sufficiently substantive" motions to dismiss
18  related to jurisdictional issues had been filed); *Comm. for Immigrant Rts. of Sonoma Cnty. v. Cnty.*
19  *of Sonoma*, No. 08-cv-4220, 2009 WL 10692620, at *2 (N.D. Cal. Apr. 20, 2009) ("Particularly
20  when a threshold subject matter jurisdictional question is raised by a motion to dismiss, a district
21  court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves
22  the pending jurisdictional issue first."); *cf. Yangtze Memory Techs., Inc. v. Strand Consult*, No. 24-
23  cv-03454, 2024 WL 4950180, at *2 (N.D. Cal. Dec. 2, 2024).
24  **B.  Necessity of Discovery**
25  Defendants argue that their motion to dismiss can be decided without discovery, because
26  the asserted grounds for dismissal are "legal[,] rather than factual."  Mot. at 5.  Defendants
27  particularly emphasize that the pending motion "raises a threshold question regarding the Court's
28  subject matter jurisdiction" based upon a purely legal issue.  *Id.* at 6.  In response, Plaintiffs argue

5

1   that the mere fact that a motion to dismiss can often be decided with reference only to the
2   complaint does not support a stay of discovery, since if it did, all motions to dismiss would
3   warrant a stay—while in reality, stays are disfavored.  Opp. at 8.  Furthermore, Plaintiffs say that
4   they "intend to vigorously oppose Defendants' assertions that this Court lacks jurisdiction," and
5   that they may "request authority to undertake jurisdictional discovery." *Id.* at 9.  On reply,
6   Defendants reiterate that the issues on the motion to dismiss can be resolved "solely on the law
7   and by reference to the pleadings, without any need for further discovery," and they point out that
8   Plaintiffs "fail to identify any discovery they imminently need."  Reply at 1–2.

9   On the second *Pacific Lumber* prong, the Court finds that Defendants' motion to dismiss,
10  which is not yet moot, could be decided without further discovery.  The motion relies on the
11  pleadings, including materials attached to or incorporated by reference into the Complaint, and on
12  legal authorities.  Regarding Plaintiffs' mention of jurisdictional discovery, such "discovery
13  should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are
14  controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't*
15  *of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC*
16  *Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)).  To the extent that Plaintiffs believe that this is such
17  a case, they can raise a request for such targeted discovery by separate motion.  On the present
18  motion to stay, the Court concludes that Defendants have met their burden to show that the
19  pending motion to dismiss can be decided without discovery.

20  **C.  Other Considerations**

21  Defendants argue that staying discovery would "avoid a scenario in which the Court and
22  the parties waste resources conducting discovery on claims that the Court may dismiss," and that
23  staying discovery pending resolution of the motion would permit discovery to proceed more
24  efficiently because the discovery will be informed by which claims the parties will actually
25  litigate.  Mot. at 6.  In contrast, Plaintiffs argue that they "stand to be significantly prejudiced by
26  further delay in their now yearslong efforts to obtain even the most basic information from the
27  FDIC," which has interfered with Plaintiffs' "ability to carry out their duties under Cayman
28  Islands law."  Opp. at 10.  On reply, Defendants argue that Plaintiffs "fail to establish that they

6

would suffer prejudice from waiting a few short months for the Court to resolve a motion that will likely obviate the need for discovery altogether." Reply at 2.

While the Court recognizes that Plaintiffs have been attempting to engage with Defendants for years in other proceedings, the above-caption action was filed only a few months ago. Defendants were served approximately three months ago. In other words, this lawsuit is in its early stages, and the Court does not believe that a limited stay of discovery while the question of jurisdiction is resolved will unduly prejudice Plaintiffs. *See Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-cv-00363, 2020 WL 2843369, at *4 (N.D. Cal. Apr. 10, 2020) (finding that there was not undue prejudice where the trial date had not yet been set and trial would be over two years away); *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *2 (similar). This is especially true where Plaintiffs have conceded deficiencies in their Complaint. Rather, the Court finds that a limited stay of discovery at this time will enhance the efficiency of these proceedings by "allow[ing] all parties to commence discovery with a better understanding of which claims, if any, they must answer." *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *2.

## IV.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion for a Stay of Discovery (Dkt. No. 25) is GRANTED. This stay shall remain in effect until Plaintiffs file an Amended Complaint. Defendants may renew this request if they believe the Amended Complaint remains deficient and they can support all of the grounds for a further stay.

**IT IS SO ORDERED.**

Dated: March 21, 2025

BETH LABSON FREEMAN
United States District Judge