1

2

3                    **UNITED STATES DISTRICT COURT**

4                  **NORTHERN DISTRICT OF CALIFORNIA**

5                        **SAN JOSE DIVISION**

6

7   NIALL LEDWIDGE, et al.,                        Case No.  5:24-cv-08352-BLF

8            Plaintiffs,

9        v.                                         **ORDER GRANTING DEFENDANTS'**
                                                     **MOTION FOR A STAY OF**
10  FEDERAL DEPOSIT INSURANCE                       **DISCOVERY**
    CORPORATION, et al.,
11                                                   [Re: Dkt. No. 45]
             Defendants.
12

13          Before the Court is Defendants Federal Deposit Insurance Corporation and Martin J.

14  Gruenberg's (collectively, "Defendants") second motion to stay discovery, Dkt. No. 45 ("Mot."),

15  this time pending the resolution of their motion to dismiss Plaintiffs' Amended Complaint.

16  Plaintiffs oppose the motion, Dkt. No. 53 ("Opp."), and Defendants filed a reply in support of the

17  motion, Dkt. No. 54 ("Reply").  The Court finds this motion suitable for disposition without oral

18  argument, Civ. L.R. 7-1(b), and GRANTS Defendants' request for a further stay of discovery

19  pending resolution of Defendants' Motion to Dismiss the Amended Complaint (Dkt. No. 51).

20          A district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863

21  F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of

22  "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A).  Across California, numerous district courts apply a

23  two-pronged test to determine whether discovery should be stayed pending resolution of a

24  dispositive motion.  *See, e.g.*, *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220

25  F.R.D. 349, 351–52 (N.D. Cal. 2003).  "First, a pending motion must be potentially dispositive of

26  the entire case, or at least dispositive on the issue at which discovery is directed."  *Id.* at 352

27  (citation omitted).  "Second, the court must determine whether the pending dispositive motion can

28  be decided absent additional discovery."  *Id.* (citation omitted).  "If the Court answers these two

United States District Court
Northern District of California

United States District Court
Northern District of California

1    questions in the affirmative, a protective order may issue." *Id.*  In applying this two-factor test, the

2    court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay

3    is warranted.  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).  "Common

4    situations in which a court may determine that staying discovery pending a ruling on a dispositive

5    motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity." *Id.* at

6    601 (citation omitted).

7           In resolving Defendants' first motion for a stay of discovery (Dkt. No. 25), the Court

8    determined that Defendants' motion to dismiss the initial complaint raised a threshold

9    jurisdictional issue that "could prove difficult for Plaintiffs to overcome." *In re Nexus 6p Prods.*

10   *Liab. Litig.*, No. 17-cv-02185, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017); *see* Dkt. No.

11   37 at 5.  Thus, the Court concluded that the first factor of the *Pacific Lumber* test weighed in favor

12   of granting a stay of discovery.  Dkt. No. 37 at 5; *see Hewlett Packard Enter. Co. v. Inspur Grp.*

13   *Co.*, No. 24-cv-02220, 2024 WL 4631665, at *2 (N.D. Cal. Oct. 29, 2024) (staying discovery

14   where "sufficiently substantive" motions to dismiss related to jurisdictional issues had been filed,

15   making it "appropriate to wait before forcing [the parties] to incur the burden and expense of

16   discovery").  The Court also found that Defendants' first motion to dismiss could be resolved

17   without discovery, since it relied only on the pleadings, including materials attached to or

18   incorporated by reference into the Complaint, and on legal authorities.  Dkt. No. 37 at 6.

19   Moreover, the Court found that a brief stay of discovery would not prejudice Plaintiffs and would

20   enhance the efficiency of these proceedings.  *Id.* at 7 (citing *Reveal Chat Holdco, LLC v.*

21   *Facebook, Inc.*, No. 20-cv-00363, 2020 WL 2843369, at *4 (N.D. Cal. Apr. 10, 2020), and *In re*

22   *Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *2).

23          All of those findings apply equally to the Amended Complaint and Defendants' new

24   motion to dismiss.  Once again, Defendants challenge Plaintiffs' Article III and prudential

25   standing to bring any of the asserted claims, Dkt. No. 51 at 8–11, as well as Plaintiffs' ability to

26   state any of their claims as a matter of law, *id.* at 11–24.  And once again, Defendants argue that

27   the motion to dismiss relies only on the pleadings, materials attached to or incorporated by

28   reference into the Complaint, and legal authorities.  Mot. at 9–10.  Plaintiffs rehash the arguments

2

<div style="float:left">United States District Court<br>Northern District of California</div>

1   in opposition raised on the first motion for a stay of discovery, again previewing their forthcoming

2   opposition to Defendants' motion to dismiss. *See generally* Opp.  However, Plaintiffs do not

3   identify anything that fundamentally alters the Parties' positions relative to the proceedings on the

4   first motion to stay discovery.  Although Plaintiffs appeal to principles of comity, arguing that

5   such principles should vitiate concerns about standing and subject matter jurisdiction, Opp. at 4–7,

6   Defendants respond with arguments about the applicability of comity in the specific context of this

7   case that are far from frivolous, Reply at 1–2.  For purposes of this motion, the Court need not

8   resolve the Parties' Rule 12(b)(1) dispute on the merits.  It is enough that, "without prejudging the

9   outcome of the motion to dismiss," the Court remains convinced that Defendants' jurisdictional

10  challenges do not require discovery to resolve and still have "enough weight to warrant a

11  discovery stay" until the Court issues its order on the motion to dismiss the Amended Complaint.

12  *See In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, No. 19-ml-02905, 2022 WL

13  19236923, at *4 (C.D. Cal. Sept. 6, 2022).

15       **IT IS SO ORDERED.**

17  Dated:  May 12, 2025

18  _____
    BETH LABSON FREEMAN
19  United States District Judge

3